IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,517






EX PARTE DELMAR LEE PARKER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM MILAM COUNTY





Johnson, J, filed a concurring statement, in which, Price, Hervey, and Holcomb, JJ., joined.


C O N C U R R I N G S T A T E M E N T


 I join in the Court's decision to grant relief. I am, however, concerned with the reaction of
the trial court to this Court's remand order.

 Applicant contended that he had been denied the opportunity to file a petition for
discretionary review because he had not been timely notified that his conviction had been affirmed. 
After remand, the state conceded the accuracy of the assertion. The supplemented record indicates
that the address on appellate counsel's letters to applicant informing him of the affirmation contained
an incorrect TDCJ number, a critical factor in delivery of mail within the prison system. TDCJ mail
logs corroborate applicant's claim that he received no legal mail during the critical time period. In
spite of the agreement by the parties that applicant is entitled to have an opportunity to file an out-of-time petition for discretionary review, the trial court has, once again, recommended denial because
the attorney was not "ineffective."

 Ineffective assistance of counsel is probably the most common basis for a complaint that the
applicant was denied an opportunity to appeal. Actual ineffectiveness is a factor to be considered,
but it is not the only criterium. Sometimes things just go awry, sometimes without fault, sometimes
with enough fault to go around, and sometimes, things seem to go awry for no discernable reason.

 The most disturbing issue, however, is not the recommendation that relief be denied, but the
apparent misunderstanding by the trial court of this Court's remand order and its reaction in response
to that misunderstanding. This Court has been informed that the trial court directed its coordinator
to contact the Clerk's Office of this Court to express anger at the order because this Court was taking
the word of an inmate over its word. In fact, the remand order asked the trial court to "make findings
of fact as to whether appellate counsel sent notice of the right to petition for discretionary review and
the decision on appeal to Applicant's correct address and TDCJ-CID number, when such notices
were sent, and whether and when Applicant actually received such notices." The word of the trial
court was never at issue; the only issue was acquiring more information about applicant's claims. 
Expressing anger about an order to the employees of this Court is inappropriate and unproductive. 
The clerks merely performed their ministerial duty to transmit orders of this Court; they have no say
in the content of those orders, nor do they have authority to alter actions of this Court in any way. 
If a trial court wishes to assert a complaint about an order, or any other matter over which this Court
has jurisdiction, a letter addressed to the Court is the appropriate avenue by which to state an
objection.


Do not publish

Filed: September 27, 2006